**UNION PACIFIC RAILROAD COMPANY, Appellant,**

v.

**Jose Miguel TORRES, Individually and on Behalf of the Estate of Flora Torres, Deceased, and on Behalf of the Estate of Haide Torres, Deceased, Flora Torres, Jose M. Torres, Jr., and Pedro Gomez and Aurora Lucero, Individually and as Parents of Flora Torres, Deceased, Appellees.**

No. 08–06–00023–CV.

Court of Appeals of Texas, El Paso.

Aug. 16, 2007.

Thomas R. Phillips, Joseph Knight, Baker Botts, LLP, Austin, TX, for Appellant.

Marie Yeates, Vinson & Elkins, Houston, TX. for Appellees.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

KENNETH R. CARR, Justice.

Pending before the Court is a Joint Motion to Abate the Appeal, in which the parties requested that the Court abate the appeal pending the execution of a final settlement agreement. *See* Tex.R.App. P. 42.1(a)(2)(C). The Court, having received notice that the parties have executed a final settlement, is of the opinion that the motion is now moot.

Also pending before the Court is a Joint Motion to Vacate Judgment Pursuant to Settlement. *See* Tex.R.App. P. 42.1(a)(2)(B). The parties represent to the Court that they have achieved a voluntary resolution and settlement of the underlying case and request that the Court: (a) vacate the judgment of the trial court without reference to the merits; (b) remand the case to the trial court for entry of a take-nothing judgment pursuant to settlement; and (c) command that each

party bear its own court and litigation costs.

Having considered both motions, we grant the Joint Motion to Vacate Judgment Pursuant to Settlement, and deny the Motion to Abate the Appeal. *See* Tex. R.App. P. 42.1(a)(2). The trial court's judgment is therefore vacated and the case remanded for further action in accordance with the parties' settlement agreement pursuant to Tex.R.App. P. 42.1(a)(2)(B). The Motion to Abate the Appeal is denied as moot. Costs are taxed against the party incurring the same, pursuant to the parties' agreement. *See* Tex.R.App. P. 42.1(d).